USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/3/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TOLEKSIS BIIN TUTORA,

                Plaintiff,

-against-

WIKILEAKS, ET AL.,

                Defendants.
------------------------------------------------------------X

ORDER

10 Civ. 9286 (LAP)

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action alleging that Defendant has violated his constitutional rights. The Court grants Plaintiff's request to proceed *in forma pauperis* but dismisses the Complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe *pro se* complaints liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

Plaintiff alleges, *inter alia*:

> November, 2010, a cyber-link company, Wikileaks, announce the divulging of Top-Secret Intelligence material, that only dealt with Pakistan and Iraq. Late November of 2010, it announced to release Top-Secret Intelligence material, dating back from 1966. This material has direct effect on me, an-inactive Naval Intelligence Officer, who from September 1980-May 1983, had access and control of hundreds of thousands of Top-Secret Intelligence material.

Plaintiff seeks an "assignment to show the United States Attorney Offices, how the use of Intelligence Law, has been grossly violated and to aid in giving specifics on how to show that cybernet are direct commuinque [sic] lines, though not visible."

## DISCUSSION

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(e)(1) requires that each allegation be "simple, concise, and direct." In a recent clarification of Rule 8's pleading standard, the Supreme Court held that:

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007)). This standard, commonly referred to as the "plausibility standard," is guided by two principles. First, while district courts must accept as true all factual allegations contained in a complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, when deciding what is plausible, a

district court must consider the context and "draw on its judicial experience and common sense." Id. at 1950. Accepting Plaintiff's allegations as true, the Court finds that the Complaint fails to state a plausible claim against this Defendant.[1] The Complaint contains few factual allegations, and Plaintiff does not specify how Defendant's alleged conduct violated his federal or constitutional rights. Even viewing the Complaint under the less stringent standard applied to *pro se* pleadings, Triestman, 470 F.3d at 474-75, the Court cannot reasonably infer that Defendant is liable for any misconduct as required under Iqbal and Twombly.

Even if Plaintiff had alleged facts sufficient to state a claim against this Defendant, dismissal would be warranted because his Complaint does not establish his standing to sue. Article III, § 2 of the United States Constitution requires that a "case" or "controversy" be present in order to confer jurisdiction on federal courts for a particular claim. Thus, a plaintiff must have "standing" to invoke the jurisdiction of the Court. Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997). Under Article III "standing," a party must show that (i) he has personally suffered some actual or threatened injury as a result of defendant's putatively illegal conduct; (ii) the injury is fairly traceable to the challenged action; and (iii) the injury is likely to be redressed by a favorable decision. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982). Plaintiff fails to allege that he has suffered an actual injury as a result of Defendant's conduct, and that such injury is fairly traceable to that conduct.

---

[1] Wikileaks "styles itself as an uncensorable version of Wikipedia for untraceable mass document leaking and analysis." Salmeron v. Enterprise Recovery Systems, Inc., 579 F.3d 787, 791 n.1 (7th Cir. 2009).

3

## CONCLUSION

Based on the foregoing, Plaintiff's Complaint, filed *in forma pauperis* under 28 U.S.C. §1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*/s/ Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge

Dated: FEB 03 2011
New York, New York

ORDER MAILED BY PRO SE OFFICE ON 2/3/11